**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jhon Nigel Brisken,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Unknown Allen,<br><br>　　　　Defendant. | No. CV-18-00241-PHX-JJT (ESW)<br><br>**ORDER** |

  On January 22, 2018, Plaintiff Jhon Nigel Brisken, who is confined in CoreCivic's Saguaro Correctional Center in Eloy, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), alleging a First Amendment retaliation claim. On April 16, 2018, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and ordered Defendant Allen to answer (Doc. 8 at 12). The Court further ordered Plaintiff to obtain a waiver of service or effectuate service upon Defendant Allen "within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later," or the action may be dismissed (*Id.*). On July 11, 2018, service was returned unexecuted for lack of sufficient information (Doc. 10). The Court provided Plaintiff with an additional service packet on December 21, 2018 and extended the time to effectuate service of process for an additional sixty days from the filing of the Order (Doc. 26 at 4). Though Plaintiff timely returned the service packet to the Clerk of Court, the United States Marshal Service ("USMS") did not receive the forwarded packet. The Court sent Plaintiff a third

service packet on June 14, 2019 (Doc. 30). Plaintiff returned the service packet to the Clerk of Court on August 26, 2019. Service was returned unexecuted on October 18, 2019 with the notation: "Per Warden Secretary, subject Allen no longer works for facility." (Doc. 37 at 1).

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Defendant Allen has not been served, and the time for doing so has passed. Where a prisoner fails to provide USMS with accurate and sufficient information to effect service of the summons and complaint, a court's sua sponte dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F. 2d 598, 603 (7th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

**IT IS ORDERED** that Plaintiff either file an affidavit of service or show cause no later than **December 13, 2019** why his Complaint (Doc. 1) should not be dismissed without prejudice for failure to timely serve Defendant Allen pursuant to Fed. R. Civ. P. 4(m).

Dated this 12th day of November, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge

- 2 -